IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ABEL CANO,

      Plaintiff,                    No. CIV S-07-2203 JAM GGH P

   vs.

DR. B. NAKU, et al.,

      Defendants.          ORDER

_____/

Introduction

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion, filed on January 6, 2009, to quash a subpoena evidently issued on behalf of defendant Traquina to California State Prison-Solano for production of plaintiff's entire central prison file, to which the court directed defendant Traquina to file a response (see Order, filed on January 20, 2009); defendant Traquina filed his opposition on January 29, 2009, and plaintiff filed a reply on February 16, 2009.  Also pending before the court is plaintiff's January 16, 2009, motion to compel defendant Traquina's response to plaintiff's discovery requests and for sanctions, to which defendant Traquina filed an opposition, on February 5, 2006, after which plaintiff filed a reply on February 24, 2009.   On March 25, 2009, plaintiff filed a follow-up "notice" indicating that he had received responses to his sets 3

and 4 of requests for admission and supplemental responses to set two of his requests for production of documents and interrogatories, although he therein continues to protest that the defendant has been untimely and was disingenuous in some of the initial responses.

Complaint

This matter proceeds upon plaintiff's complaint, filed on October 17, 2007, against defendants Dr. B. Naku and Dr. Alvaro C. Traquina, Chief Medical Officer (CMO), both employed at California State Prison-Solano (CSP-Sol). The gravamen of his complaint is that following a slip as he left the shower, on May 21, 2006, at CSP-Sol, and falling on a wet tile floor that had no rubber mats, plaintiff suffered a break in his right wrist bone for which his subsequent treatment has been "abysmal"; from the time of the injury until the October 9, 2007, filing date of this action (per the mailbox rule), plaintiff contends that he has received "little more than Tylenol to treat the pain," and deficient treatment for the break. Complaint, pp. 1-3.

Plaintiff states that when he fell he experienced a sharp pain in his right wrist, was seen by a Dr. Tesla R. Rallos (not a defendant), on May 23, 2006, who, noting redness and tenderness at the wrist joint, ordered x-rays, a splint, a light duty chrono and a four-week follow-up. On May 24, 2006, x-rays were taken. The radiologist's findings and impression were as follows:

> FINDINGS: Subtle irregularity is seen in the region of the proximal carpal row on the lateral view only. The pattern suggests a non displaced triquetrial fracture. The remainder of the osseous structures are unremarkable.
>
> IMPRESSION: Probable non displaced triquetrial fracture. Clinical correlation regarding pain at this location is recommended.

Complaint, p. 3, Exhibit (Ex) C.

Plaintiff asserts that no further treatment was provided at that time. Plaintiff was seen on July 7, 2006, by defendant Dr. Naku, who noted the "nondisplaced right triquetrial fracture," and ordered "a repeat of the x-rays and an orthopedic consult." Nevertheless, despite the passage of seven weeks from the time of the injury, plaintiff received no further treatment.

Id., Ex D.

When, two weeks later, plaintiff filed a 602 appeal as an "emergency appeal" for treatment, indicating that he had had a broken wrist bone since May 21, 2006, that had never been treated or put in a cast, a CSP-Sol medical administrator named Laura Mefford (not a defendant), on July 26, 2006, prepared an authorization request to be signed by defendant CMO Traquina for plaintiff to be treated at the UC Davis Ortho/Trauma Clinic in Sacramento. Complaint, p. 4, Exs E & F.

In response to the request, on August 2, 2006, plaintiff was seen at UCD Orthopedic Outpatient Services and a diagnosis and treatment plan were formulated. Id., Ex. G. Upon his return from UCD, plaintiff was not given further treatment on Aug. 2, 2006., Id., Ex H.

On Aug. 30, 2006, about four weeks later, plaintiff was seen at the CSP-Sol clinic by defendant Naku, who ordered Tylenol for plaintiff's pain, a wrist brace and a "CT [scan]" for the right wrist. Complaint, p. 5, Ex. I. There was no further treatment.

On September 5, 2006, defendant Naku answered plaintiff's CDC 602 appeal, partially granting it, telling plaintiff that UCD had recommended a CT scan of his right wrist and that Naku had ordered one, and that plaintiff would be re-evaluated. Complaint, p. 5, Exs J & K.

Plaintiff filed a second level appeal which defendant Traquina partially granted but which provided no further treatment for plaintiff's wrist or wrist pain. Complaint, p. 5, Ex L. Following the response to his appeal to the director's level, also partially granting the appeal, plaintiff's broken wrist bone remains untreated and the pain unabated. Complaint, p. 6, Ex M. Plaintiff contends that defendant Naku may be practicing medicine without a license. Complaint, p. 7. Plaintiff states that his pain is currently ineffectively treated with Naprosyn, an anti-inflammatory nonsteroid, but that "Tylenol Codeine 0.5 grain" decreases the pain much more significantly. Complaint, p. 8. Plaintiff states that he will be subject to future motion limitation and heightened pain in the affect wrist and that lack of treatment has caused a permanent disability. Complaint, pp. 8-9. Plaintiff seeks injunctive relief in the form of future medical care

1  and money damages, including punitives, for alleged "deliberate indifference to a severe medical
2  condition." Complaint, pp. 10-11.
3  Motion to Quash Subpoena
4        Plaintiff states that, on January 2, 2009, he was served with two subpoenas, dated
5  December 12, 2008, issued to CSP-Sol, to at least one of which plaintiff objects, pursuant to Fed.
6  R. Civ. 45 (c)(2)(B), because it seeks all records in his central file with no limitation. Motion to
7  Quash, pp. 1-2. Plaintiff makes clear that he has no objection to the subpoena with regard to his
8  medical file, but contends that, for example, employment or academic examinations and adult
9  probation reports are not relevant, are merely a fishing expedition and the lack of limitation
10 constitutes an unwarranted invasion of privacy. Id., at 2.
11       In his opposition, defendant Traquina attaches a copy of the subpoena at issue as
12 Exhibit A, wherein CSP-Sol is directed to produce and permit inspection and copying of the
13 following:
14       Any and all inmate records including but not limited to scholastic
         records, employment records and payroll records, pertaining to
15       Abel Cano, CDCR # K-96394.
16 Defendant Traquina contends that the information is relevant to the damages allegations of the
17 complaint and asserts "that any invasion of privacy is limited, or could be limited in such a way
18 as to minimize any privacy loss," citing Fed. R. Civ. P. 26(b), for the principle that discovery is
19 permitted if it is reasonably calculated to lead to the discovery of admissible evidence, even if it
20 might prove inadmissible at trial. Opposition (Opp.), pp. 1-2 & Ex A. Defendant Traquina
21 maintains that an inmate's central file is not privileged and that the information sought is relevant
22 because plaintiff claims his injuries are ongoing and will impact his ability to earn a living upon
23 release. Id. Defendant concedes that the information sought is "of a highly personal nature" but
24 that "there is not blanket privacy prohibition against its discovery...."
25       In his reply, plaintiff argues that his motion included authority that shows that
26 portions of a central file are privileged, such as family names, addresses, phone numbers and the

adult probation report. Reply, p. 2. Plaintiff also contends that his own motion to compel (see below) signifies that defendant Traquina himself is obstructing justice by the manner of his responses to plaintiff's discovery requests. Id. Plaintiff asks that the subpoena be quashed and that a "reasonable" discovery request be made that is justified and does not constitute an unwarranted invasion of privacy. Id.

The court cannot locate a precise point in the complaint where plaintiff seeks damages specifically relating to a prospective loss of wages for the alleged on-going injury, but it is true that plaintiff contends that he has been permanently disabled by a lack of adequate medical care by the defendants; moreover, plaintiff does not dispute defendant Traquina's representation that he seeks compensation for future lost wages.

To the extent that what is at issue in this subpoena is the amount of damages plaintiff may reasonably seek on the basis of a loss of future earning capacity, defendant does seek information relevant to the damages claim. Moreover, a listing of plaintiff's convictions may be relevant for impeachment. However, what is not explained by Traquina is why he should need any and all of plaintiff's inmate records. Plaintiff has posed no objection to defendant's access to his medical records, which appear to have been the subject of the second subpoena referenced. See Ex A to defendant's opposition to plaintiff's motion to compel (that motion addressed below). Indeed, it appears in the motion addressed below, that production in response to the medical records subpoena has been forthcoming. The motion to quash the subpoena at issue, which is overbroad in seeking any and all of plaintiff's central file records will be partially granted and defendant must re-serve a subpoena setting forth that what must be produced for inspection and copying: plaintiff's non-medical prison records concerning plaintiff's scholastic/academic, employment and payroll records, as well as criminal record.

Motion to Compel

The scope of discovery under Fed. R. Civ. P. 26(b)(1) is broad. Discovery may be obtained as to any unprivileged matter "relevant to any party's claim or defense...." Id.

5

1  Discovery may be sought of relevant information not admissible at trial "if the discovery appears
2  reasonably calculated to lead to the discovery of admissible evidence." Id.  The court, however,
3  may limit discovery if it "....is unreasonably cumulative or duplicative," or can be obtained from
4  another source "that is more convenient, less burdensome, or less expensive"; or if the party who
5  seeks discovery "has had ample opportunity to obtain the information by discovery...."; or if the
6  proposed discovery is overly burdensome.  Fed. R. Civ. P. 26(b)(2) (C)(i)(ii) and (iii).

7       By his motion, plaintiff seeks further responses to set two of his interrogatories;
8  further response and production in response to set two of his requests for production of
9  documents; further responses to set two of his requests for admission; and responses to his
10 unanswered set three requests for admission.  Plaintiff also claims that what responses he has
11 received did not have attached the defendant's verification, which were to be separately supplied.
12 He also takes great exception to objections to requests and interrogatories raised by counsel for
13 defendant Traquina on the basis that Traquina, who is Chief Medical Officer (CMO) and Health
14 Manager at CSP-Sol, does not have possession, custody and control over plaintiff's medical
15 records.  See Motion.

16      In opposition, specifically noting plaintiff's diligence throughout this case in
17 seeking discovery from defendant Traquina, counsel for defendant Traquina declares that
18 although Dr. Traquina is CMO at CSP-Sol, he has not been involved in plaintiff's medical
19 treatment and thus has no custody or control over his medical records.   Opposition (Opp.), pp. 1-
20 2, Declaration of Deputy Attorney General John Padrick, ¶ 2.  Counsel avers that plaintiff
21 initially limited access to his medical records to defendant Naku; nevertheless, subsequent to a
22 subpoena served to maintain HIPPA compliance, which is attached as Ex A (and referenced
23 above), plaintiff's medical records have been available for defendant Traquina's review since
24 January 16, 2009.  Opp., p. 2, Padrick Dec., ¶¶ 3-4.  Defendant's counsel maintains that all
25 relevant verifications have since been provided and that as to set 3 of the requests for admission,
26 there were some 92 requests, which were dependent on defendant Traquina's knowledge of the

6

case or a specific medical record entry. Padrick Dec., ¶¶ 6-7. At the time of the February 5, 2009, filing of the opposition, counsel anticipated that responses to the set 3 admission requests would be served within ten days. Id., at 7. Further, as to the set 2 requests for admission to which defendant had posited only objections, defendant averred that the acquisition of plaintiff's medical file signified that supplemental responses would be forthcoming; the same applied to the majority of plaintiff's set two interrogatories. Opp., pp. 2-4. As to set 2 of the request for production of documents, as to three of the requests at issue, defendant Traquina maintains that he has no knowledge of responsive documents to request nos. 1, 2, and 3, seeking guidelines for treatment of inmates with similar orthopedic injuries as those of plaintiff. Opp., p. 3. As to nos. 4 and 7, defendant Traquina avers that he will supply a copy of plaintiff's subpoenaed records if ordered or requested to do so. Opp., p. 4.

In reply, plaintiff strongly objects to defendant Traquina's representation that he had no personal knowledge or involvement with plaintiff's medical issues or treatment and thus no previous opportunity to review plaintiff's medical file. Reply, pp. 1-2. Plaintiff maintains that such an assertion is at best disingenous and at worst, made in bad faith, pointing to Exs F, K and L attached to the verified complaint, as well as paragraphs 14, 19, and 20 of the complaint. Id., at 2. Within the complaint, plaintiff does allege at paragraph 14 that a CSP-Sol medical administrator prepared an authorization request for plaintiff to be transferred to the UCD Ortho/Trauma Clinic for a consult for "nondisplaced FX," with a place for defendant Traquina's signature (Ex F), but the copy of the request provided by plaintiff does not show that defendant Traquina actually did sign it. Paragraphs 19 and 20, referencing Exs K and L allege that plaintiff requested a second level review of partially granted request regarding his inmate appeal contending that his wrist injury had not been adequately treated. The second level response included a memorandum attachment signed by defendant Traquina which states again that the appeal is partially granted and that a review of plaintiff's Unit Health Record had been conducted. Ex K to Complaint. Plaintiff further points to the chief medical officer's duty

statement within which is included that the CMO "supervises the keeping of records, reports, and special case histories; prepares comprehensive medical reports".... "checks case histories and progress; examines; diagnoses, prescribes, and administers treatment".... "supervises the keeping of records, reports, and special case histories; prepares comprehensive medical reports...." Reply, p. 3, Ex A.  Plaintiff also disputes defendant Traquina's representation that plaintiff limited his voluntary release of medical records to co-defendant Naku, asserting that when Naku's counsel asked for a release of the records, volunteering to provide both plaintiff and Traquina's counsel with a copy, plaintiff consented, but that Traquina's counsel did not ask. Reply, p. 4.

Plaintiff, as noted, subsequently filed a notice on March 25, 2009, that appears on the face of it to have resolved the substantive outstanding requests plaintiff had in that defendant Traquina has evidently provided subsequent responses.  In his notice, plaintiff asserts that defendant Traquina has supplied supplemental responses to set two of the interrogatories directed to defendant Traquina, as well as to set two of the production of documents.  Notice, p. 2. Plaintiff grudgingly concedes that these responses "appear[] to be a good faith effort to comply with lawful discovery requests previously unanswered." Id.  Plaintiff's notice also informs the court that he has received responses to his sets 3 and 4 of requests for admission.  There is some confusion in this notice to the extent that no set 4 of requests for admission is even referenced in the initial motion, and it is not clear whether plaintiff meant to assert that supplemental responses had been provided as to set 2 of the admission requests and that responses to set 3 have finally been provided.  The court simply is too burdened to parse requests and arguments that appear to have been resolved and plaintiff operates under a misapprehension that subsequent discovery responses have been filed with the court.  Thus, there is no way for the court to determine if any requests remain at issue and thus the motion will be denied as moot but without prejudice.  To the extent plaintiff believes any of the supplemental responses which he has received are inadequate, plaintiff will be granted twenty days to so inform the court, with a response due from

defendant Traquina within fifteen days thereafter.[1]

Plaintiff continues to seek the imposition of sanctions based on defendant Traquina's dilatory responses. Notice, p. 3. As to the third set of requests for admission, for example, plaintiff seeks to point out a significant untimeliness in the responses in that he asserts that he served those requests on November 9, 2008 (see plaintiff's affidavit ¶ 12 docket # 24-2, attached to Motion,), and responses were not served until February 26, 2009, even though in the February 5, 2009, opposition to the motion to compel, at which point the responses would have been overdue by 90 days by plaintiff's calculation, defendant conceded that no response had yet been forthcoming but indicated they would be served within ten days presumably based on defendant Traquina's having since obtained plaintiff's medical records. Plaintiff's timing is not quite accurate. At the time of filing their opposition, the requests had been overdue by some 43, not 90 plus, days (timely responses to requests served on Nov. 9, 2008, would have been due by December 24, 2008, pursuant to the court's discovery order, filed on May 1, 2008). But plaintiff is correct that defendant Traquina did not really provide a substantive reason for failing to provide any response whatever to the set 3 requests for admission in a timely fashion, even if only to interpose a detailed statement as to why the requests could not be truthfully admitted or denied. See Fed. R. Civ. P. 36(a)(4). And it is true that defendant Traquina was off by a number of days in calculating when responses to set 3 would be served insofar as they apparently were not served within ten days from February 5, 2009, but apparently not until some 21 days later, and defendant Traquina failed to seek an extension of time from the court at any point. Thus, the responses to the set 3 requests for admission were certainly belated, occurring some 64 days, more than two months beyond their due date, without adequate explanation. The court also finds that the representation that the chief medical officer defendant would not have access to

---

[1] Defendant is also at fault here in that responses filed after an opposition to a motion to compel are bound to make a motion to compel indeterminable. Supplemental responses in prisoner litigation must be served no later than the time of filing an opposition.

plaintiff's medical records is not adequately supported by defendant Traquina or his counsel. The court would consider the imposition of sanctions in the form of costs for the inadequately explained tardiness and weakly supported assertion of a lack of access to plaintiff's medical records absent a subpoena, but plaintiff has failed in any part of his motion or notice to quantify any such cost, with supporting documentation, to be imposed, although plaintiff does seek a form of what he called "equitable" sanctions, asking that the court find the matters set forth in set 3 of his requests for admission be deemed admitted. Motion, p. 15. The court has reviewed set 3 of the requests for admission, attached as Ex I to plaintiff's motion to compel, and will grant the sanctions request in part. See Fed. R. Civ. P. 36(a)(3).

       The court finds that Requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 29, 30, 31, 32, 33, 34, 39, 41, 42, 91, 92 are to be deemed admitted due to the ineffectual attempt at responding to plaintiff's motion. The remainder of the requests are not deemed admitted in that they are either argumentative, seek to assert what is set forth in a document although the document itself is the best evidence of what is set forth, irrelevant, argumentative, or inconsistent with each other. Indeed, for a good number of the requests plaintiff seeks to elicit an admission in one request and seeks the opposite admission in a subsequent request. For example, plaintiff seeks admissions that: Dr. Traquina requested plaintiff's medical records in answering specific interrogatories, #54, that Dr. Traquina throughly reviewed the medical file in answering those interrogatories, #55, that, conversely, Dr. Traquina did not request the medical file in answering those same interrogatories, #56, that the interrogatory answers do not contain all his knowledge from those records, #58. The trier of fact would be left with competing admissions in arriving at a verdict.

       Accordingly, IT IS ORDERED that:

       1. Plaintiff's motion to quash defendant Traquina's subpoena, filed on January 6, 2009 (Docket # 22) is granted in part, and defendant Traquina must re-serve his subpoena seeking only those documents which are arguably relevant to the question of damages as to future

loss of wages; that is, only those records in his central prison file regarding his academic or scholastic background and any of plaintiff's employment and payroll records.

   2. Plaintiff's motion to compel responses to discovery, filed on January 16, 2009 (Docket # 24), is denied as moot at this time but without prejudice to plaintiff's informing the court, within twenty days, what specific discovery requests remain at issue, if any, in light of defendant Traquina's supplemental responses; should plaintiff identify and provide any such responses as inadequate, defendant has fifteen days to respond; and

   3. To the extent plaintiff seeks sanctions, by his motion, filed on January 16, 2009 (Docket # 24), in the form of his third set of requests for admission to defendant Traquina being deemed admitted, the requests are deemed admitted as specifically identified by the court in the text of this order.

DATED: June 2, 2009

/s/ Gregory G. Hollows
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
cano2203.ord2