IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ABEL CANO,

        Plaintiff,                       No. CIV S-07-2203 JAM GGH P

    vs.

B. NAKU, et al.,

        Defendants.         <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's most recent motion to compel, filed on May 17, 2010, to which defendant Traquina filed his opposition on June 10, 2010.

        By order, filed on January 21, 2010, the court ordered plaintiff's unopposed amended motion to compel, filed on June 22, 2009, granted in part and denied in part. The motion was granted as to plaintiff's requests for production (RFP) numbers 2 and 3, and defendant Traquina was directed to produce documentation responsive to those requests within his possession, custody and control in his official capacity as Chief Medical Officer at CSP-Solano within 21 days. The motion was denied as to RFP no. 1. On March 23, 2010, in sustaining defendant Naku's objections to the January 21, 2010, findings and recommendations, the district judge granted defendant Naku's motion for summary judgment, but also endorsed the

1

undersigned's order regarding plaintiff's unopposed amended motion to compel.

The requests at issue were:

Request No. 2:

Copies of any and all documents other than those described in request no. 1 which contain, mention, or discuss current guidelines for the diagnosis and treatment of broken bones for California state prisoners. []

Request No. 3:
Copies of any and all documents other than those described in request no[s]. 1 and 2 which contain, mention or discuss previous guidelines (within the past 10 years) for the diagnosis and treatment of broken bones for California state prisoners.

<u>Order (& Findings and Recommendations)</u>, filed on Jan. 21, 2010, p. 5.

Defendant Traquina was directed to produce guidelines or procedures in place at the state prisons for the treatment of broken bones, including any institution operations plan (IOP) within which any treatment or diagnosis of broken bones was contained. Id., 5-10 & n. 7, 25.

Within his current motion, plaintiff maintains that defendant Traquina's supplemental responses are evasive and incomplete and do not comply with the court's order. See Motion to Compel, filed on May 17, 2010. In particular, plaintiff objects to what he argues is defendant's continued refusal to produce IOPs that he has long sought. Plaintiff claims that only after plaintiff himself produced a copy of a February 7, 2007, IOP no. CSPS-CS/MD-07-091 and following this court's order of June 4, 2009, did the defendant admit the existence of IOPs in the prison's medical department.

In opposition, defendant complains that plaintiff in his motion fails to set forth defendant's supplemental responses and his current counsel's letter to plaintiff regarding compliance with the court's January 21, 2010, order. Defendant also points out the untimeliness of this motion. While it is true that plaintiff's pending motion is filed well past the discovery deadline, it is also true that plaintiff would have little alternative to complain of deficiencies in

1 the recently ordered supplemental responses.

2       Defendant also points out the specific supplemental responses, which were served on plaintiff in February of 2009. Defendant Traquina does not pose objections therein but states flatly as to both requests: "I am not aware of any responsive documents." Exhibit A to Deputy Attorney General William A. Krabbenhoft's Declaration in support of Opposition to MTC. Although plaintiff appears simply not to believe him, defendant is correct that the court cannot order this defendant to produce documentation which he does not have within his possession, custody or control.

      As to the IOPs plaintiff seeks, defendant's counsel points to Ex. B, a copy of a February 9, 2010, letter to plaintiff from defendant's counsel stating that in earlier supplemental verified responses served by defendant Traquina, he had stated that he was not aware of any responsive documents to those requests which were the subject of the court's order, noting that the court did not have those supplemental responses at the time the order was issued. Ex. B to Krabenhoft Dec. in Opp. Within his declaration, counsel for defendant makes the statement that on two occasions when counsel spoke to him, once following the court's Jan. 21, 2010, order and very recently about the instant motion and plaintiff's pretrial statement, "Dr. Traquina stated unequivocally both times that the IOP's plaintiff seeks are not related to the diagnosis and treatment of broken bones." Krabenhoft Dec., ¶¶ 1-2.

      Notwithstanding, defendant also argues that plaintiff already has in his possession the IOP's that he asks from the defendant, asking the court to review Ex. C to plaintiff's pretrial statement. Opp., p. 3. The court has now reviewed that exhibit and it does appear that plaintiff has included copies of several IOP's, including the ones he appears to have been seeking from the defendant. The defendant does not herein object to these exhibits based on a lack of authentication. In any case, plaintiff's motion to compel does not appear to have merit and will be denied.

\\\\\\

1 | Accordingly, IT IS ORDERED that plaintiff's May 17, 2010, motion to compel is
2 | denied.
3 | DATED: June 21, 2010

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
cano2203.ord