1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ABEL CANO,

11            Plaintiff,                        No. CIV S-07-2203 JAM GGH P

12        vs.

13   B. NAKU, et al.,

14            Defendants.                ORDER

15   _____/

16            A notice of settlement was filed in this case on September 7, 2010, after which, by

17   minute order, the jury trial in this action set for September 27, 2010, was vacated.  In the notice

18   of settlement, counsel for defendant informed the court that he was sending settlement

19   documents to plaintiff as well as a request for voluntary dismissal to be filed as soon as returned

20   by plaintiff.  However, no such settlement documents, or request for dismissal has been filed in

21   this court by counsel.

22            Instead, by filing dated December 10, 2010, plaintiff, a state prisoner who has

23   been proceeding pro se in this § 1983 action, requested the court's intervention, averring that

24   defendants have not dealt with him in good faith.  Plaintiff submits among his exhibits, a copy of

25   the joint stipulation and request for dismissal of defendant Traquina, which appears to have been

26   signed by defendant's counsel on September 8, 2010, but is not signed by plaintiff.  See Docket #

1

1   72, pp. 33-34.  Likewise, the "settlement agreement and mutual release" plaintiff submits as an

2   exhibit is signed and dated by defendant's counsel, but unsigned by plaintiff.  Id. at 36-38.

3   Among the terms of the unexecuted settlement agreement is a clause indicating that the parties

4   have agreed to have the court retain jurisdiction over this case until August 1, 2011, in order to

5   mediate any dispute arising concerning terms and conditions of the agreement.  Id. at 36.  It is

6   this clause that plaintiff seeks to invoke in asking for "reactivation" of his case.  However,

7   there has been no settlement and/or stipulated dismissal of this case precisely because plaintiff

8   has refused to sign any such documents.  Plaintiff states that he has waited to sign the agreement

9   until the "true intent" of the defendant was shown and now complains that he has not received all

10  of the follow-up medical treatment he anticipated or was promised and/or that the defendant has

11  admitted there is nothing further he can do to help plaintiff.  See Docket # 72, pp. 1-4.

12          As there has been no stipulation for dismissal or settlement agreement filed, it is

13  inappropriate for plaintiff to seek to invoke a clause of the proposed agreement.   Nevertheless, it

14  does appear that by his filing plaintiff seeks to have this case be re-set for trial, notwithstanding

15  the putative pending settlement agreement.

16          Accordingly, IT IS ORDERED that:

17          1.  Defendant is to file a response to plaintiff's December 10, 2010 (docket # 72)

18  motion within fourteen days;

19          2. The response shall include defendant's position as to whether this case might

20  still be settled or must be re-set for trial; and

21          3.  Thereafter, plaintiff must file any reply within seven days.

22  DATED: December 22, 2010

                                         /s/ Gregory G. Hollows
23
                                        _____
                                        GREGORY G. HOLLOWS
24                                      UNITED STATES MAGISTRATE JUDGE

25
    GGH:009
26  cano2203.ord2

                                         2