IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ABEL CANO,

      Plaintiff,                      No. CIV S-07-2203 KJM GGH P

      vs.

B. ANKU, et al.,

      Defendants.               ORDER

_____/

        Plaintiff is a prison inmate proceeding pro se and in forma pauperis with a civil rights action. On July 15, 2011, plaintiff filed his third request for the appointment of counsel. Plaintiff's previous requests, filed on October 22, 2008 and July 13, 2010, were denied. The court notes that plaintiff is evidently due to be paroled on or about August 14, 2011, well prior to the date of the trial confirmation hearing, now scheduled for September 7, 2011. See docket # 89 & # 92.

        As plaintiff has been informed, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright,

1

900 F.2d 1332, 1335-36 (9th Cir. 1990). In this instance, it does not appear that plaintiff will even be a prisoner by the time of the trial confirmation hearing, which should remove any impediment posed by incarceration for plaintiff to proceed pro se to trial. Moreover, while the case does involve a claim of inadequate medical care for a wrist injury,[1] the court does not find the required exceptional circumstances. The request will be denied but without prejudice to plaintiff's seeking the appointment of counsel before the district judge at the upcoming trial confirmation hearing.

Accordingly, IT IS HEREBY ORDERED that plaintiff's July 15, 2011 request (Docket No. 93) is denied without prejudice.

DATED: July 25, 2011

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009/md
cano2203.31.thr

---

[1] Plaintiff appears to be confused as to the substance of his own action within his latest request for appointment of counsel. In the request, he refers to alleged inadequate medical treatment for a broken finger suffered while playing football. Docket # 93, p. 5. However, the gravamen of the instant action is that plaintiff slipped in the shower and broke a bone in his right wrist which was subsequently inadequately treated. See, e.g., Complaint, dkt. #1; see also, dkt # 30, dkt # 41, dkt # 62.